IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROUND HILL CELLARS,<br><br>        Plaintiff,<br><br>   v.<br><br>LOLONIS WINERY,<br><br>        Defendant.<br>_____/ | No. C -11-00757 JSW (EDL)<br><br>**REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT** |

On February 18, 2011, Plaintiff Round Hill Cellars filed a complaint against Defendant Lolonis Winery, seeking declaratory relief that Plaintiff's wine label does not infringe or dilute any of Defendant's trademark rights, and injunctive relief prohibiting Defendant from bringing any legal action against Plaintiff for trademark infringement or trademark dilution. On March 2, 2011, Defendant was served with the summons and complaint in this matter. See Docket No. 5. Defendant failed to answer the complaint or otherwise defend the action. On August 17, 2011, upon Plaintiffs's request, the Clerk of this Court entered Defendant's default under Federal Rule of Civil Procedure 55(a). See Docket No. 13. By its default, Defendant is deemed to have admitted the well-pleaded averments of the complaint except those as to the amount of damages. See Fed. R. Civ. P. 8(b)(6).

On October 13, 2011, Plaintiff filed a Motion for Default Judgment against Defendant. Plaintiff does not seek monetary damages, but seeks a declaratory judgment that it does not infringe Defendant's trademarks, and an injunction prohibiting Defendant from beginning legal action against Plaintiff for trademark infringement or trademark dilution. Judge White referred this motion to this Court for a Report and Recommendation. The Court held a hearing on December 6, 2011. Attorney Paul Reidl appeared for Plaintiff. There was no appearance for Defendant. At the hearing,

the Court gave Mr. Reidl leave to file a supplemental declaration regarding developments in this case, including the sale of Lolonis Winery assets and the cancellation of the ladybug trademark registration. Mr. Reidl filed a supplemental declaration on December 7, 2011. For the reasons stated at the hearing and set forth below, it is recommended that the court grant Plaintiff's motion and enter default judgment against Defendant as requested by Plaintiff.

**BACKGROUND**

Plaintiff produces and sells a wine under the brand name, Predator, which is made from Zinfandel grapes grown in the Lodi, California growing region. Compl. ¶ 5. Predator wine was first sold in April 2010 and has achieved critical acclaim and success. Compl. ¶ 5.

By letter dated February 7, 2011, Defendant's trademark litigation counsel charged that Predator wine infringed Defendant's rights in the Ladybug Red, Ladybug White, Ladybug Loves Lolonis and ladybug design trademarks for wines based on the ladybug on the Predator wine label. Compl. ¶ 6; Declaration of Paul Reidl Ex. 1. The letter asserted that retailers and the wine trade mistakenly believe that Predator wine is made or licensed by Defendant. Compl. ¶ 6. Therefore, Defendant's trademark litigation counsel charged that all sales of Predator wine constituted trademark infringement, trademark dilution and unfair competition. Compl. ¶ 7. Defendant's counsel demanded that Plaintiff cease and desist the sale of Predator wine, pay all profits from all such sales to Defendant, and submit to an audit to verify the amount of the profits. Compl. ¶ 7. Defendant's counsel threatened to seek monetary damages, and gave Plaintiff one week to respond, which was extended for four additional days, to February 18, 2011. Compl. ¶ 7.

On February 18, 2011, Plaintiff filed this lawsuit seeking a declaratory judgment that the Predator wine does not infringe Defendant's trademarks. Plaintiff also seeks an injunction prohibiting Defendant from initiating legal action for trademark infringement or dilution.

**DISCUSSION**

A court may not enter a default judgment against an unrepresented minor, an incompetent person, or a person in military service. See Fed. R. Civ. P. 55(B)(2); 50 U.S.C. § 521(b)(1). Defendant is a California corporation and not a minor or an incompetent person. See Reidl Decl. ¶ 2.

2

1    The general rule is that, upon default, the factual allegations of the complaint, except those
2 relating to the amount of damages, will be taken as true. Televideo Systems, Inc. v. Heidenthal, 826
3 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing Geddes v. United Financial Group, 559 F.2d
4 557, 560 (9th Cir. 1977)). Necessary facts not contained in the pleadings, and claims which are
5 legally insufficient, however, are not established by default. Cripps v. Life Ins. Co., 980 F.2d 1261,
6 1267 (9th Cir.1992). Rule 55(b)(2) allows, but does not require, the court to conduct a hearing on
7 damages, as long as it ensures that there is an evidentiary basis for the damages awarded in the
8 default judgment. Action S.A. v. Marc Rich & Co. Inc., 951 F.2d 504, 508 (2nd Cir. 1991). Relief
9 is limited to the plaintiff's specific demand in his complaint. Fed. R. Civ. P. 54(c). Entry of default
10 judgment requires the consideration of several factors, including: (1) the possibility of prejudice to
11 the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4)
12 the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6)
13 whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal
14 Rules of Civil Procedure favoring decisions on the merits. See Eitel v. McCool, 782 F.2d 1470,
15 1471-72 (9th Cir. 1986).
16    Here, the Eitel factors weigh in favor of entry of default judgment. Most significantly,
17 Plaintiff's claim appears to have merit and the Complaint is sufficient to state a claim for declaratory
18 relief. The federal Declaratory Judgment Act provides that district courts "may declare the rights
19 and other legal relations of any interested party seeking such declaration whether or not further relief
20 is or could be sought." 28 U.S.C. § 2201(a). "'The two principal criteria guiding the policy in favor
21 of rendering declaratory judgments are (1) when the judgment will serve a useful purpose in
22 clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief
23 from the uncertainty, insecurity, and controversy giving rise to the proceeding. It follows that when
24 neither of these results can be accomplished, the court should decline to render the declaration
25 prayed.'" McGraw-Edison Co. v. Preformed Line Products Co., 362 F.2d 339 (1966) (quoting
26 Borchard, Declaratory Judgments, 299 (2d ed. 1941)). The Declaratory Judgments Act, provides, in
27 pertinent part:
28    (a) In a case of actual controversy within its jurisdiction, except with respect to
Federal taxes other than actions brought under section 7428 of the Internal Revenue

3

> Code of 1986, a proceeding under section 505 or 1146 of title 11, or in any civil action involving an antidumping or countervailing duty proceeding regarding a class or kind of merchandise of a free trade area country (as defined in section 516A(f)(10) of the Tariff Act of 1930), as determined by the administering authority, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

Here, there is an actual controversy as to whether Plaintiff's wine label infringed Defendant's ladybug trademarks. Defendant's trademark litigation counsel sent a cease and desist letter to Plaintiff arguing that the Predator wine infringed Defendant's trademarks. Upon receiving the letter, which was sent by a large law firm on behalf of Defendant and which provided only a one week deadline to respond, Plaintiff believed that it was facing a serious threat of litigation from Defendant. Declaration of Morgan Zaninovich ¶ 2; Reidl Decl. ¶ 3; Ex. 1; Compl. ¶ 12. Plaintiff states that Defendant knows about this lawsuit, yet has failed to respond to letters and return phone calls from Plaintiff's counsel regarding this case. Reidl Decl. ¶¶ 4-6.

Plaintiff alleges in the complaint that Defendant asserts that it has protectable and valid rights in Ladybug Red, Ladybug White, Ladybug Loves Lolonis and ladybug design trademarks for wine, and that the marks are famous and thus qualify for protection from trademark dilution. Compl. ¶ 10. Further, Plaintiff alleges that Defendant asserts that Plaintiff's Predator wine creates a likelihood of confusion as to source, sponsorship or affiliation with Defendant's marks among retailers, the wine trade and relevant consumers. Compl. ¶ 10. Plaintiff also alleges that Defendant asserts that Plaintiff's Predator wine creates a likelihood of dilution of Defendant's marks among retailers, the wine trade and relevant consumers. Compl. ¶ 10.

Plaintiff alleges that Defendant has no valid trademark rights in the ladybug design because, for example, it has not and does not use that design as a trademark and there are many other uses of a ladybug design on and in connection with wines. Compl. ¶ 11; Zaninovich Decl. ¶ 3. Plaintiff also alleges that to the extent that Defendant has valid rights in the marks, the marks are not famous for purposes of dilution. Compl. ¶ 11. Moreover, the federal trademark registration for the design of a ladybug (no. 2,761,544) has been cancelled by the United States Patent and Trademark Office. Supp. Reidl Decl. ¶ 3. Plaintiff also alleges that sales of Predator wine do not create a likelihood of

4

confusion as to source, sponsorship or affiliation with wines bearing Defendant's marks, nor does Predator create a likelihood of dilution. Compl. ¶ 11.

Plaintiff notes that while Defendant is in receivership, an actual case or controversy remains because Defendant is fully aware of this case and has sold its trademark portfolio to a third party, who as the purchaser would step into the shoes of Defendant for trademark purposes. Supp. Reidl Decl. ¶ 2. Plaintiff argues that it faces uncertainty and business risk flowing from its use of the Predator label, which is negatively impacting its ability to grow the brand. Zaninovich Decl. ¶ 2.

Further, Plaintiff argues that its wine label containing a ladybug does not infringe Defendant's ladybug trademarks. The test for infringement of a federally registered trademark under the Trademark Act of 1946 ("Lanham Act") is whether the alleged infringing act creates a likelihood of confusion. See Two Pesos, Inc. v. Taco Cabana, Inc., 505 U.S. 763, 769 (1992). In determining likelihood of confusion, the Ninth Circuit has adopted the Sleekcraft test, balancing the following factors: (1) strength of the mark; (2) proximity of the goods; (3) similarity of the marks; (4) evidence of actual confusion; (5) marketing channels used; (6) type of goods and degree of care consumers are likely to exercise in purchasing them; (7) intent of the defendant in selecting the mark; and (8) likelihood that the parties will expand their product lines. AMF, Inc. v. Sleekcraft Boats, 599 F.2d 341, 348-54 (9th Cir.1979).

As the allegations in the complaint are taken as true, the balance of Sleekcraft factors in this case weighs in favor of a declaratory judgment of no infringement. First, as for the strength of the mark, the complaint alleges that it is not strong. Plaintiff notes that there are many third parties using ladybugs on and in connection with wine due to the natural association of ladybugs with organic and sustainable agricultural practices because ladybugs are used for pest control. Zaninovich Decl. ¶ 3; Compl. ¶ 11. Plaintiff argues that the existence of third party ladybug marks indicates that consumers can distinguish among them which, in turn, diminishes the strength of Defendant's marks. See Restatement (First) of Torts, § 729, comment (g) ("The greater the number of identical or more or less similar trade-marks already in use on different kinds of goods, the less is the likelihood of confusion, apart from the other factors mentioned in this Section."). Further, the trademark registration for the design of a ladybug has been cancelled. Supp. Reidl Decl. ¶ 3.

5

Second, the goods are not only proximate, they are identical because they are both table wine. Third, Plaintiff points out that its Predator label bears no similarity to Defendant's Ladybug Red, Ladybug White and Ladybug Loves Lolonis marks. Further, the labels are not similar. Compare Compl. ¶ 5, with Compl. ¶ 6. In addition, the ladybug depictions on each label are dissimilar. Id. Fourth, Plaintiff has received no indication that consumers, distributors, retailers, wine writers or anyone else in the trade thinks that Plaintiff's wines are connected to Defendant. Zaninovich Decl. ¶ 4 ("We have received no emails, no letters, no oral inquiries or anything else to that effect."). Plaintiff markets and promotes its brand by the brand name Predator, not by the label design. Id. ¶ 5. All of the feedback that Plaintiff has received from consumers and the trade has referred to Plaintiff's wine as Predator, not Ladybug. Id. Fifth, according to Plaintiff, the marketing channels of the products are identical as both products are California table wines that are sold to consumers at retail. Sixth, Plaintiff's wine is directed toward consumers of Lodi Zinfandel who give considerable thought to the purchase, and the wine is not pitched at impulse or volume purchases. Zaninovich Decl. ¶ 6. Seventh, Plaintiff states that it "adopted the Predator trademark and the stylized ladybug concept as a way to give an aura of vineyard sustainability/authenticity to the wine," and "did not have Lolonis Winery in mind" when it developed the label. Zaninovich Decl. ¶ 7. Eighth, Plaintiff argues that the likelihood of expansion is inapplicable because both parties already sell their goods in the same channels of trade. Thus, because there has not been a showing of a likelihood of confusion, there has been no showing of infringement.

In addition, in order to prove a trademark dilution, a plaintiff must show that (1) the mark is famous and distinctive; (2) the defendant is making use of the mark in commerce; (3) the defendant's use began after the mark became famous; and (4) the defendant's use of the mark is likely to cause dilution by blurring or dilution by tarnishment. See Jada Toys, Inc. v. Mattel, Inc., 518 F.3d 628, 637 (9th Cir. 2007). Plaintiff alleges in the complaint that Defendant's marks are not famous. Compl. ¶ 11. Because the allegations of the complaint are accepted as true for purposes of default judgment, there could be no trademark dilution here.

The remaining Eitel factors also weigh in favor of granting default judgment. First, if the motion were denied, Plaintiff would likely be without a remedy. This is because if Defendant does

6

1  not appear in court, Plaintiff has no method of addressing this matter.  See Pepsico, Inc. v. Cal.
2  Security Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002) ("If Plaintiffs' motion for default
3  judgment is not granted, Plaintiffs will likely be without other recourse for recovery.").  Second,
4  because Defendant did not file an answer to the complaint, there is nothing to suggest that there is a
5  possibility of a dispute concerning material facts.  Third, there is no money at stake in this action
6  because Plaintiff does not seek damages, which favors entry of default judgment.  See id.  Finally,
7  there is no evidence that Defendant's default was due to excusable neglect, particularly because
8  following receipt of Defendant's demand letter, Plaintiff's counsel sent a copy of the complaint in
9  this case and a settlement proposal to Defendant's counsel, to which Defendant's counsel did not
10 respond.  Reidl Decl. ¶ 4.  Plaintiff also made a settlement proposal in connection with Defendant's
11 bankruptcy proceeding, and after that proceeding was concluded, Plaintiff sent a letter to Mr. Baron,
12 the receiver and operating manager for Lolonis winery, informing him of this lawsuit and the need to
13 file an answer.  Compl. ¶ 5.  Mr. Baron did not respond to that letter.  Compl. ¶ 5.  Plaintiff's
14 counsel further declares that on July 12, 2011, he spoke by telephone with Mr. Baron, who
15 acknowledged receipt of Plaintiff's letter and the Court's Order requiring his answer, and that he
16 understood the deadline and that Plaintiff would seek default judgment if Defendant did not respond
17 to the complaint.  Compl. ¶ 6.  Mr. Baron informed Plaintiff's counsel that he was not ready to
18 discuss settlement, but that he would call Plaintiff in the future about this case.  Compl. ¶ 6.
19 Thereafter, Mr. Baron did not call Plaintiff's counsel.  Compl. ¶ 7.  Thus, declaratory relief that
20 Plaintiff does not infringe or dilute Defendant's trademarks is appropriate, and the Court
21 recommends granting Plaintiff's motion for default judgment.

22 **CONCLUSION**

23  For the reasons set forth above, and for good cause shown, it is hereby recommended that
24 Plaintiff's motion for default judgment be granted, and that the Court enter a declaratory judgment
25 that Plaintiff's Predator wine label does not infringe or dilute Defendant's Ladybug Red, Ladybug
26 White, Ladybug Loves Lolonis, or ladybug design trademarks.  Further, it is hereby recommended
27 that the court enjoin Defendant, its successors, assigns, officers, and anyone connected therewith,
28 from bringing any further legal action of any type for trademark infringement or trademark dilution,

7

or related causes of action, under the Lanham Act or state law against Plaintiff or its parents, affiliated companies, successors, assigns, officers or anyone connected therewith involving, related to or arising from the Predator trademark, label or trade dress, or its use of the ladybug design contained thereon.

Any party may serve and file specific written objections to this recommendation within ten (10) working days after being served with a copy. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Civil Local Rule 72-3. Failure to file objections within the specified time may waive the right to appeal the District Court's order.

Dated: December 9, 2011

ELIZABETH D. LAPORTE
United States Magistrate Judge